# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE WEST INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff/Counterdefendant,<br><br>vs.<br><br><br><br>JONATHAN DALLO; MICHAEL DALLO; MONA DALLO; DALLO & CO., INC., and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants/Counterclaimants. | CASE NO. 07CV1003 IEG (BLM)<br><br>ORDER (1) GRANTING MICHAEL DALLO, MONA DALLO, AND DALLO & CO. INC.'S MOTION TO MODIFY CASE MANAGEMENT ORDER AND TO AMEND COUNTERCLAIMS; (2) GRANTING JONATHAN DALLO'S MOTION FOR JOINDER AND TO FILE COUNTERCLAIMS; (3) DENYING PLAINTIFF'S MOTION TO DISMISS AS MOOT<br><br>(Doc. Nos. 32, 34, 35) |

　　　　Presently before the Court is Defendant/Counterclaimants Michael Dallo, Mona Dallo, and Dallo & Co., Inc.'s ("Counterclaimants") Motion to Modify the Case Management Conference Order and Allow Counterclaimants to File Their Second Amended Counterclaim. (Doc. No. 32.) Counterclaimant Jonathan Dallo has moved to join in Counterclaimants' motion and requested permission to file counterclaims.[1] (Doc. No. 34.)

//

---

[1] The Court uses the term "Dallo Family" to refer to all the Dallos (mother, father, son, and the Dallo's company, Dallo & Co., Inc.) while the term "Counterclaimants" refers to the Dallo Family minus Jonathan Dallo.

- 1 -

Background

**I.     Factual Background**

This case involves Plaintiff Progressive West Insurance Company's equitable claim for reimbursement against the Dallo Family for payment of an allegedly non-covered insurance claim. Counterclaimants have asserted claims against Plaintiff for declaratory relief, breach of contract, bad faith, intentional infliction of emotional distress and a state law claim for violation of California's Business & professions Code. (See Counterclaimants' First Amended Counterclaim ("FACC"), Doc. 31.).

Counterclaimants now seek to amend their FACC and to bring into the case a third-party counterdefendant: the insurance broker/agent who sold the Progressive policy ("the Policy") to the Counterclaimants, Michael Kennedy and Kennedy Insurance Agency ("the Kennedy Parties"). Counterclaimants' proposed Second Amended Counterclaims as well as Jonathan Dallo's proposed counterclaims would assert claims against the Kennedy Parties for negligence, negligent misrepresentation, and breach of oral contract based on the Kennedy Parties' representations regarding the Policy.  In addition, based on a theory that the Kennedy Parties acted as Progressive's agent, Counterclaimants and Jonathan Dallo seek to assert claims of reformation against Plaintiff based on the representations made by the Kennedy Parties.

**II.    Procedural Background**

On July 16, 2007, Progressive filed its First Amended Complaint ("FAC"), asking for (1) a declaration that the Policy does not cover claims arising out of the accident in the Burnett Lawsuit; (2) a judgment for reimbursement from the Dallo Family of defense costs incurred during Progressive's defense of the Burnett Lawsuit; and (3) a judgment for reimbursement of the $500,000 paid to the Burnetts Lawsuit plaintiffs as part of the settlement agreement. (Doc. No. 6.) On August 8, 2007, Counterclaimants filed a motion to dismiss, arguing Progressive's FAC fails to state a claim because it fails to allege Progressive paid policy benefits on behalf of Counterclaimants and that Progressive fails to allege it fulfilled the prerequisites for obtaining reimbursement outlined by the California Supreme Court in Blue Ridge Ins. Co. v. Jacobson, 25 Cal. App. 4th 489 (2001).  In an October 30, 2007 Order, this Court rejected Counterclaimants' argument and denied the motion. (Doc.

1 No. 14.)

2 On November 9, 2007, Counterclaimants filed counterclaims against Progressive, asking for a declaration regarding the rights and duties under the Policy and asserting causes of action for (1) breach of contract, (2) bad faith, and (3) intentional infliction of emotional distress. (Doc. No. 17.). On November 29, 2007, Progressive filed a motion to dismiss, alleging Counterclaimants could not state a claim for these various actions because Progressive paid all benefits due under the Policy. (Doc. No. 18.)  In an February 14, 2008 Order, this Court granted the motion, but granted Counterclaimants until February 28, 2008 to file amended counterclaims addressing the deficiencies set out in the Court's order.

10 On February 28, 2008, Counterclaimants filed their First Amended Counterclaims ("FACC").

11 Then, on March 18, 2008, Counterclaimants filed the present motion, seeking to modify the case management conference and permission to file Second Amended Counterclaims which included claims against the Kennedy Parties and a new claim of reformation against Progressive. (Doc. No. 32.)  On the same day, Jonathan Dallo moved for joinder in Counterclaimants' motion. (Doc. No. 34.)  On April 14, 2008, Progressive filed oppositions to both the Counterclaimants' motion and Jonathan Dallo's motion for joinder. (Doc. Nos. 37, 38.)  On April 21, 2008, Counterclaimants and Jonathan Dallo filed their respective replies. (Doc. Nos. 40, 41.)

18 The Court finds the matter fully briefed and amenable for disposition without oral argument pursuant to Local Rule 7.1(d)(1).

## Legal Standard

21 Because Counterclaimants' motion to amend was filed after the deadline set by the Court pursuant to Rule 16, Counterclaimants must first demonstrate good cause to modify the deadline before the Court will consider whether the proposed amendment is proper under Rule 15(a).  See Fed.R.Civ.P. 16(b)(4).  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the parties seeking the extension."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir .1992).  Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See id.

1    If good cause is shown, the Court must then consider whether the proposed amendment is
2 proper under Rule 15(a). Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend
3 the party's pleading only by leave of court or by written consent of the adverse party; and leave shall
4 be freely given when justice so requires." Leave to amend is granted with "extreme liberality."
5 Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "There are several
6 accepted reasons why leave to amend should not be granted, including the presence of bad faith on
7 the part of the [party seeking to amend], undue delay, prejudice to the [party opposing amendment],
8 futility of amendment, and that the party has previously amended the relevant pleading." Advanced
9 Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 989 F. Supp. 1237, 1241 (N.D. Cal. 1997).

Discussion

**I.    Good Cause Under Rule 16**

    i.    Parties' Arguments

13    Counterclaimants concede that under Rule 16, the ultimate issue is the diligence of the party
14 seeking the amendment. Counterclaimants essentially argue they have met the diligence requirement
15 in this case because immediately upon realizing that the case against the Kennedy Parties involved
16 a very large number of issues of fact and law in common with the dispute with Progressive, they began
17 preparing the present motion. Counterclaimants also note that Progressive is already on notice that
18 the Kennedy Parties were a part of this litigation since any representations made by the Kennedy
19 Parties will have to be addressed as part of Progressive's Declaratory Relief claim. Further,
20 Counterclaimants insist that the case management order in this case has already impliedly been
21 superceded by this Court's ruling on February 14, 2008 allowing for the FACC to be filed on February
22 28, 2008 (since the case management order's deadline was February 25, 2008).

23    Progressive argues good cause has not been shown because it is undisputed that on December
24 8, 2006, well before this lawsuit was filed, the Counterclaimants demonstrated their knowledge of the
25 potential parties and claims now sought to be added. Specifically, Progressive cites a December 8,
26 2006 letter from Counterclaimants' attorney which asserted the existence of professional negligence
27 claims against the Kennedy Insurance Agency—who the letter characterized as Progressive's agent.
28 See Ex. 19 to July 16, 2007 FAC ("Progressive will also need to send a representative who can address

1  the professional negligence claim against Progressive's agent, the Kennedy Insurance Agency, who
2  got the Dallos into their insurance coverage nightmare.  Since the Kennedy Insurance Agency is an
3  actual agent of Progressive, Progressive is liable for the Kennedy Agency's negligence.").  Jonathan
4  Dallo's counsel was copied on the letter.

      ii.      Analysis

6  While it is true that Counterclaimants and Jonathan Dallo were aware of potential claims
7  against the Kennedy Parties back in December of 2006, this Court does not find the failure to assert
8  such claims prior to February 25, 2008 demonstrates undue delay or a lack of diligence.  Progressive
9  initiated this action on June 1, 2007 and then filed a First Amended Complaint ("FAC") on August
10 7, 2007.  (Docs. No. 1, 4.)  Counterclaimants moved to dismiss Progressive's FAC dismissed, which
11 this Court rejected on October 30, 2007.  The Court finds the relevant time period with which to
12 analyze Counterclaimants' diligence is not the time from the December 2006 letter to the time of the
13 filing of the present motion, but rather that it is more appropriate to consider only the time which has
14 elapsed since Counterclaimants' unsuccessful attempt to have Progressive's FAC dismissed on
15 October 30, 2007.  Counterclaimants represent that it was only in the wake of this unfavorable ruling
16 that Counterclaimants considered bringing claims related to the Kennedy Parties' role in the dispute.
17 (See Mem. ISO Mot., at 3.)  Thus, the Court considers whether Counterclaimants exercised diligence
18 in presenting the proposed amendment only after four months had elapsed since the denial of their
19 motion to dismiss.

20 Given the circumstances, the Court finds Counterclaimants' exercised diligence in bringing
21 the proposed amendment.  The four month delay in asserting claims related to the Kennedy Parties
22 is not unreasonable when viewed in light of the protracted pleading stage of this lawsuit.
23 Counterclaimants' initial counterclaims were dismissed on February 14, 2008, a little more than one
24 month before the present motion was filed on March 18, 2008.  Given the reworking of the
25 Counterclaimants' case prompted by the Court's unfavorable ruling on February 14, 2008, it is
26 unremarkable that new litigation strategies—though utilizing previously contemplated theories of
27 recovery—would take shape.  This is not an instance in which Counterclaimants were simply careless
28 in pursuing their case.  Accordingly, the Court finds good cause exists under Rule 16 to allow

1  Counterclaimants' proposed amendment.

2  For similar reasons, the Court finds good cause exists to allow Jonathan Dallo to file Counterclaims stating his claims against the Kennedy Parties and clams against Progressive associated with those facts. While Jonathan Dallo has not previously been a counterclaimant, the proceedings described above have refined the parties' understanding of this case. Justice requires that he be permitted to pursue the same claims as those asserted by Counterclaimants.

**II.     Rule 15**

  i.     Parties' Arguments

Progressive asserts that both undue delay and prejudice would result if the motion to amend is granted. Progressive repeats its argument regarding Counterclaimants and Jonathan Dallo's long held knowledge regarding the Kennedy Parties' claimed liability. On prejudice, Progressive argues the amendment would cloud what are now relatively simple issues of coverage. Further, Progressive asserts that the potential of claims by Progressive against the Kennedy Insurance Agency could destroy diversity jurisdiction in this case.

  ii.    Analysis

The Court finds no delay or prejudice will result to Progressive from Counterclaimants' amendment. The actions of the Kennedy Parties and the potential agency relationship between Progressive and the Kennedy Parties is obviously relevant to the declaratory judgment claim. As discussed above, Progressive has been aware since the early stages of this dispute that the Kennedy Parties played a role.

Further, the Court finds no support with Progressive's claim that allowing leave to amend could potentially destroy diversity jurisdiction. Kennedy is a California citizen and Progressive is an Ohio citizen. Progressive has cited no authority for the proposition that any cross claims between them would destroy diversity.

//
//
//
//

CONCLUSION

For the foregoing reasons, **IT IS ORDERED**:

Counterclaimants' Motion to Amend the Case Management Order and Allow Counterclaimants to File Their Amended Counterclaims (Doc. No. 32) is **GRANTED**.

Jonathan Dallo's Motion for Joinder and permission to file a counterclaims (Doc. No. 34) is **GRANTED**.

Counterclaimants and Jonathan Dallo shall file their Second Amended Counterclaims forthwith.

Further, the Court **DENIES** Plaintiff's Motion to Dismiss Counterclaimants' First Amended Counterclaims (Doc. 35) as MOOT.

**DATED:  May 27, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**